UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br><br>                 Plaintiff,<br><br>    v.<br><br>$4,183,402.74 in U.S. Currency seized from Regions Bank account *1113, R.S. IOTA Trust Acct; and<br><br>$722,327.52 in U.S. Currency seized from Regions General Ledger (GL) *200 bearing Cost Code (CC) *300,<br><br>                 Defendants. | Civil Action No.: 5:22-cv-138 (GLS/TWD) |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America (the "plaintiff") brings this verified complaint for forfeiture *in rem* against the above-captioned property (the "defendant property") and alleges as follows:

### NATURE OF THE ACTION

This is an action *in rem* brought pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and (a)(1)(A) and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions. Forfeiture is sought of the defendant property as the proceeds of violations of Title 18, United States Code, Sections 1343 (wire fraud), 1030 (computer fraud), 1956(a) and (h) (money laundering) and 1957 (engaging in monetary transactions in property derived from specified unlawful activity) and property involved in and having facilitated offenses in violation of Title 18 United States Code, Sections 1956 and 1957.

### THE PARTIES

1.     The plaintiff is the United States of America.

2. The defendant property is:

   a) $4,183,402.74 in U.S. Currency seized from Regions Bank account *1113 (the "Account"), in the name of R.S. IOTA Trust Acct;[1] and

   b) $722,327.52 in U.S. Currency seized from Regions General Ledger (GL) *200 bearing Cost Code (CC) *300.

3. The defendant property is presently in the custody of the United States of America.

4. The defendant property consists of funds deposited in an account in a "financial institution," as defined in Title 18, United States Code, Section 20, and are subject to the provisions of Title 18, United States Code, Section 984 pertaining to the forfeiture of fungible property in an *in rem* action. 18 U.S.C. § 984(a)(1). Sections 984(a)(1)(A) and (B) provide that it: "shall not be necessary for the government to identify the specific property involved in the offense[s] that [are] the basis for the forfeiture … and it shall not be a defense that the property involved in such offense[s] has been removed and replaced by identical property." 18 U.S.C. §§ 984(a)(1)(A) & (B).

5. Section 984(a)(2) further provides that "any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section." 18 U.S.C. § 984(a)(2).

6. Pursuant to Section 984(b), this forfeiture action has been commenced within one-year of the underlying criminal offenses. 18 U.S.C. § 984(b).

---

[1] To protect the identity of entities and individuals who are or might be victims of the crimes described in this Complaint, the government has anonymized names and other identifying information, including the account name. Insofar as the non-anonymized information might be material to the claims of any person or entity with an interest in this proceeding, the government will disclose the information in discovery after seeking a protective order limiting its dissemination and use.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1345 and 1355. Section 1345 provides district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345. Section 1355(a) provides district courts with "original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress." 28 U.S.C. § 1355(a).

8. This Court has *in rem* jurisdiction over the defendant property and venue is properly situated in this district pursuant to Title 28, United States Code, Section 1355(b), which provides that a forfeiture action or proceeding "may be brought in…the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred." 28 U.S.C. § 1355(b)(1)(A).

9. Venue is also properly situated in this district pursuant to Title 28, United States Code, Section 1395(c), which provides that a "civil proceeding for the forfeiture of property seized outside any judicial district may be prosecuted in any district into which the property is brought." 28 U.S.C. § 1395(c).

## FACTS

10. The United States Secret Service, with other law enforcement agencies, are investigating a fraud scheme involving a business email compromise targeting Company 1, a company headquartered in Utica, New York in the Northern District of New York.

11. Company 1 had a contract with the State of Florida that included a subcontract with Company 2.

12. Based on emails between Company 1 and Company 2, Company 1 planned for a wire payment of $29,583,354.63 to be sent to Company 2 during the week of October 24, 2021.

13. During the email exchanges, Company 1 received an email that appeared to be a legitimate communication from Company 2 providing alternative wiring instructions (the "Fraudulent Email").

14. The Fraudulent Email appeared in almost all respects to be a legitimate email from Company 2. Closer examination later revealed that the domain was different than the domain for Company 2's true email account.

15. Relying on the instructions in the Fraudulent Email, on October 6, 2021, Company 1 (via its parent company) initiated a wire transfer of $29,583,354.63 from its bank in New York to the Account located in the Northern District of Alabama. The funds were deposited into the Account the next day. The Account was neither owned nor controlled by Company 2.

16. After Company 1 transferred the $29,583,354.63 into the Account it was dissipated in a series of transfers, as reflected below:

| Date | Amount | Destination Bank |
|---|---|---|
| 10/12/2021 | $980,000.00 | Banco Monex, Mexico |
| 10/12/2021 | $980,000.00 | HSBC Mexico Institucion DE B |
| 10/13/2021 | $4,200,000.00 | HSBC Mexico Institucion DE B |
| 10/15/2021 | $4,800,000.00 | Banco Monex, Mexico |
| 10/15/2021 | $5,800,000.00 | HSBC Mexico Institucion DE B |
| 10/15/2021 | $8,000,000.00 | Scotiabank Inverlat, Mexico |
| 10/18/2021 | $4,000,000.00 | Banco Monex, Mexico |
| 10/18/2021 | $4,000,000.00 | HSBC Mexico Institucion DE B |
| 10/19/2021 | $1,500,000.00 | Santander Bank, N.A. Wilmington, DE |
| 10/19/2021 | $1,500,000.00 | Cathay Bank, Los Angeles, CA |
| 10/19/2021 | $364,755.00 | BBVA Bancomer, SA Payment |

17. Of the outgoing wire transfers summarized above, most were directed to bank accounts outside of the United States, including Banco Monex, S.A. in Mexico City, and HSBC S.A., also in Mexico City.

18. On October 7, 2021, an individual purporting to be R.S. contacted Regions Bank on at least two occasions attempting to access the Account. The calls were recorded by Regions Bank.

19. In the recordings, the caller inquired about the status of funds in his purported personal account and in the Account. The caller did not immediately recall his birthdate when asked to verify that information, misstated the name of the company on the Account, and did not verify the telephone number for the Account. Furthermore, the caller spoke English with a marked accent.

20. Law enforcement identified the true owner of the Account (R.S.) who advised that he had not made the telephone calls described above but was aware of the $29,583,354.63 deposited into the Account. R.S. said that he believed that these funds were deposited as the result of a legitimate business transaction for an alleged client. He further advised that he directed the outgoing wires from the Account at the instruction of the alleged client.

21. On November 16, 2021, $4,183,402.74 was seized from the Account pursuant to a seizure order issued by the United States District Court for the Northern District of New York.

22. At the time of seizure, in addition to other funds remaining in the Account, the Account held funds that Regions Bank had recovered through a wire recall; namely funds from Cathay Bank totaling $17,360 and funds from Santander Bank totaling $1,500,000.

23. These wire recalls were initiated by Regions Bank as part of the bank's fraud indemnification process and pertained to outgoing wire transfers from the Account made to Cathay Bank and Santander Bank on October 19, 2021.

24. Between November 18, 2021, and December 13, 2021, Regions Corporate Security coordinated with Banco Monex to request the return of all remaining funds from the outgoing wires on October 12, 2021, October 15, 2021, and October 18, 2021, described in the chart above.

25. On January 6, 2022, Regions Bank advised the government that it had received $722,327.52 from Banco Monex as part of that wire recall.

26. The $722,327.52 was held in Regions General Ledger (GL) *200 bearing Cost Code (CC) *300 in the Northern District of Alabama.

27. On January 19, 2022, $722,327.52 was seized from that account pursuant to a seizure order issued by the United States District Court for the Northern District of New York.

## CONCLUSION

28. The facts set forth above support a reasonable belief that the government will be able to meet its burden of proof at trial.

WHEREFORE, pursuant to Supplemental Rule G, plaintiff the United States of America, respectfully requests that the Court:

(1) Issue a Warrant of Arrest *in Rem*, in the form submitted with this Complaint;

(2) Direct any person having any claim to the defendant property to file and serve their Verified Claims and Answers as required by Title 18, United States Code, Section 983(a)(4) and Supplemental Rule G;

(3) Enter judgment declaring the defendant property to be forfeited and condemned to the use and benefit of the United States; and

(4) Award such other and further relief to the United States as it deems proper and just.

Dated: February 14, 2022

CARLA B. FREEDMAN
United States Attorney

By: */s/ Elizabeth A. Conger*
Elizabeth A. Conger
Assistant United States Attorney
Bar Roll No. 520872

VERIFICATION

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF ONONDAGA   )

Justin Simon, being duly sworn, deposes and states:

I am a Special Agent with the United States Secret Service (USSS). I have read the foregoing Complaint for Forfeiture *in Rem* and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement officers.

Dated this 14 day of February 2022.

　　　　　　　　　　　　　　　　　　　Justin Simon, Special Agent
　　　　　　　　　　　　　　　　　　　United States Secret Service

Sworn to and subscribed before me this 14th day of February, 2022.

　　　　　　　　　　　　　　　　　　　Notary Public
　　　　　　　　　　　　　　　　　　　PAULA D. BRIGGS
　　　　　　　　　　　　　　　　Notary Public, State Of New York
　　　　　　　　　　　　　　　　　　　No. 6008241
　　　　　　　　　　　　　　　Qualified In Onondaga County
　　　　　　　　　　　　　　My Commission Expires 12/31/2025